UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| David J. McGuire, and all others similarly situated, | File No. 25-cv-3835 (ECT/JFD) |
| Plaintiff, | |
| v. | **ORDER ACCEPTING REPORT AND RECOMMENDATION** |
| Governor Tim Walz, *in his individual and official capacity*, Terry Kniesel, Corey Vargason, Tammy Sheldon, Nichole Keilty, Jana Brister-Korby, Ross Freeman, Shelby Halvorson, "John Doe" Green, Jack "Doe," Dean Ringo, Rebecca "Doe," Luke Chalberg, Kristy Gilpin, Tanya Effler, Doug "Doe," Sonya Riley, Destiny Anderson, Samantha "Doe," Deandra Christianson, Kelly McKnight, Jaime LaGraves, Kathleen Glassmann, Brittany King, Bruce Beaman, Melissa Daniels, Marshall Smith, and Shireen Gandhi, *each in their individual capacity and in their official capacity as employees of the Department of Human Services*, | |
| Defendants. | |

This case is before the Court on a Report and Recommendation issued by Magistrate Judge John F. Docherty. ECF No. 9. Judge Docherty recommends dismissing Mr. McGuire's complaint [ECF No. 1] without prejudice and denying as moot his application to proceed *in forma pauperis* ("IFP") [ECF No. 2] and motion to appoint counsel [ECF No. 5]. ECF No. 9 at 25–26. Because Mr. McGuire objected, ECF No. 10, the Report and

Recommendation has been reviewed de novo. 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b)(3). This Order presumes familiarity with the Report and Recommendation.

*Deliberate indifference.* Mr. McGuire objects that, liberally construed,[1] his allegations plausibly allege that "officials knew about excessive risks to his health but disregarded them, and that their unconstitutional actions in fact caused his injuries." ECF No. 10 at 4 (quoting *Senty-Haugen v. Goodno*, 462 F.3d 876, 890 (8th Cir. 2006)). The Complaint states that "Defendant Tanya Effler tried to explain that Plaintiff was merely suffering a bone spur in his foot and to just ice it and take Tylenol," and "Defendants allowed Plaintiff's serious need for urgent medical care and pain in his foot to worsen when Plaintiff was forced to walk on a hairline fractured foot for years." Compl. ¶ 42. He argues that Defendants were on notice of his need for medical care, but they "chose[] to manipulate the health care concerns and deprive him adequate follow ups and medical care as of this day." ECF No. 10 at 6. Similarly, "Defendant Effler knew of or should have known" of the blockage and hernia, and that "a lifesaving operation . . . was needed." ECF No. 10 at 5. "Plaintiff also needs a full knee replacement surgery, and surgery for a broken nose and [he] suffered a concussion that was a result of the lack of medical care to his foot, knee, and leg." ECF No. 10 at 6. The Report and Recommendation correctly concluded these

---

[1] Mr. McGuire argues that the Report and Recommendation "refus[es] to liberally construe to [sic] facts on the face of the Complaint." ECF No. 10 at 2; *see id.* at 7 ("The magistrate [judge] said he will not liberally construe [the miscellaneous medical grievances] section of the complaint."). I understand this claim and similar assertions to be a general objection, as Mr. McGuire does not specify in these sections any facts that were not liberally construed. This objection will be addressed where Mr. McGuire raises it as to specific facts. For instance, it is false that Judge Docherty refused to liberally construe the miscellaneous medical grievances. *See* ECF No. 9 at 11.

allegations did not adequately plead deliberate indifference; instead, they amounted to "a prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment." ECF No. 9 at 9–10 (quoting *Nelson v. Shuffman*, 603 F.3d 439, 449 (8th Cir. 2010)). Mr. McGuire also objects that there is "[e]vidence that Defendants are delaying Plaintiff's personal medical care because of lack of funding but are causing hundreds of other MSOP clients to suffer the intentional delay of their medical care. See Data Request #1878 on August 8, 2025." ECF No. 10 at 6. To the extent Mr. McGuire intends to assert the action of others, they must be joined properly under the Federal Rules of Civil Procedure. Though the caption states that plaintiffs include "all others similarly situated," Compl. at 1, the action is not filed as a class action complaint, ECF No. 1-4 at 1, and a non-lawyer pro se plaintiff may not represent a class, *Greene v. Lake*, No. 17-cv-3551 (SRN/KMM), 2018 WL 3105446, at *2 (D. Minn. June 25, 2018). Lastly, Mr. McGuire appears to argue that the number of medical transports at the Moose Lake facility supports his medical indifference claim, but he has not explained how it is relevant to either prong of the deliberate indifference analysis. ECF No. 10 at 6–7; ECF No. 11-2 at 16 (showing MSOP medical transport data); *see Jolly v. Knudsen*, 205 F.3d 1094, 1096–97 (8th Cir. 2000) ("The plaintiff must demonstrate (1) that he suffered from objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs." (citation modified)).

*Retaliation.* Mr. McGuire objects that he has sufficiently alleged retaliation, but he does not show where in the Complaint he alleges the disciplinary hearing committee was biased against him. ECF No. 10 at 8; ECF No. 9 at 14–15 (recommending dismissal of

retaliation claim on this ground). To the extent he argues that being forced to attend Alcoholics Anonymous or chemical dependency treatment is retaliatory, *see id.*, he has not shown Defendants took those actions because he exercised a constitutional right, *see Baribeau v. City of Minneapolis*, 596 F.3d 465, 481 (8th Cir. 2010).

*Due Process.* Mr. McGuire argues he plausibly alleged a due process violation in the loss of classification and lockdowns, because "defendants exaggerated their response to security and treatment concerns." ECF No. 10 at 9. That does not show that loss of classification and lockdowns amounted to deprivation of a protected liberty interest. *See Smith v. McKinney*, 954 F.3d 1075, 1083 (8th Cir. 2020) (finding that "loss of employment, wages, security classification, security points, and inmate tier status" did not "amount[] to an atypical and significant hardship"). He objects to the use of *Miles v. Korby*, No. 17-cv-263 (PJS/LIB), 2017 WL 1169639 (D. Minn. Mar. 3, 2017), arguing that it is "inapposite," as Mr. McGuire's case "involves a prescribed order by a treating physician to help Plaintiff exercise," but Defendant's policies were "punitive" and "interfere[] with serious medical needs." ECF No. 10 at 10. This does not give reason to reject *Miles*'s conclusion that loss of access to a particular gym was not a deprivation of a protected liberty interest. *See Miles*, 2017 WL 1169639, at *3. And he objects to dismissal of his substantive due process claim, which he believes he can factually bolster with the aid of court-appointed counsel or the U.S. Department of Justice. ECF No. 10 at 10. But the standard is whether the allegations "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see* 28 U.S.C. § 1915(e)(2)(B)(ii). A court is not obligated to appoint counsel so a plaintiff can make his otherwise dismissal-worthy claim plausible.

4

*See Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006) ("[W]hen an indigent prisoner has pleaded a nonfrivolous cause of action, a court '*may*' appoint counsel.").

*Conspiracy.*  Mr. McGuire objects that the Report and Recommendation ignored allegations on the conspiracy charge.  ECF No. 10 at 11 (citing Compl. ¶¶ 126–33).  The cited paragraphs allege that "[t]he supervising Defendants have an arbitrary policy in place that allows them to hire employees with no legal or medical training," and that policy "continues to harm and injure plaintiff in assuring that he receive the best care by professional judgment."  Compl. ¶ 126; *see id.* ¶ 131 ("The negligent hiring of MSOP is a factual dispute that Defendants acknowledge violates Mr. McGuire's right to be properly treated and released from MSOP.").  These allegations do not plausibly allege the elements of a § 1983 conspiracy claim.  *See White v. McKinley*, 519 F.3d 806, 814 (8th Cir. 2008) ("To prove a 42 U.S.C. § 1983 conspiracy claim, a plaintiff must show: (1) that the defendant conspired with others to deprive him of constitutional rights; (2) that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and (3) that the overt act injured the plaintiff.").

*ADA and RA.*  Mr. McGuire objects that the Report and Recommendation "refus[es] to even acknowledge that Defendants have federal responsibility" under the Americans with Disabilities Act and the Rehabilitation Act.  ECF No. 10 at 12.  That is incorrect.  The Report and Recommendation correctly concludes that Mr. McGuire did not plausibly allege the Defendants are liable under either statute.  ECF No. 9 at 22–24.

*State-law causes of action.*  Mr. McGuire objects that "hundreds of MSOP clients are suffering" violations of the state-law causes of action he presses.  ECF No. 10 at 13.

5

Mr. McGuire does not have standing to assert the injuries of other MSOP clients. He claims support in *In re Harju*, AP23-9061 (Minn. Commitment App. Panel Nov. 13, 2025), but he does not explain how. ECF No. 10 at 14. That case does not give reason to reject the recommendation not to exercise supplemental jurisdiction. ECF No. 9 at 24–25.

### ORDER

Therefore, based upon all of the files, records, and proceedings in the above-captioned matter, **IT IS ORDERED THAT**:

1. Plaintiff David J. McGuire's Objection to the Magistrate's Report & Recommendation [ECF No. 10] is **OVERRULED**.

2. The Report and Recommendation [ECF No. 9] is **ACCEPTED**.

3. Plaintiff's Complaint [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE**—the federal causes of action for failure to state a plausible claim for relief, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), and the state law causes of action for lack of subject-matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3).

4. Plaintiff's application to proceed *in forma pauperis* [ECF No. 2] is **DENIED as MOOT**.

5. Plaintiff's Motion for Appointment of Counsel [ECF No. 5] is **DENIED as MOOT**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 12, 2026

s/ Eric C. Tostrud
Eric C. Tostrud
United States District Court